NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD KOHLER,<br><br>    Plaintiff,<br><br>v.<br><br>TE WIRE & CABLE LLC.,<br><br>    Defendant. | Civil Action No.: 14-3200 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion for reconsideration of this Court's March 8, 2016 Opinion and Order resolving the parties competing summary judgment motions, filed by Defendant TE Wire & Cable LLC ("TE Wire" or "the Company"). (ECF No. 47). Plaintiff Edward Kohler has opposed this motion. (ECF No. 51). The Court decides this motion on the papers pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendant's motion for reconsideration is denied.

**BACKGROUND**

The facts of this matter were described at length in this Court's March 8, 2016 Opinion. (ECF No. 44, Opinion, "Op."). As such, and in the interest of judicial economy, the Court includes an abbreviated statement of the factual and procedural history to the extent such background is relevant to the present motion.

Plaintiff filed the instant lawsuit in Essex County Superior Court on March 4, 2014, alleging age and disability discrimination under the New Jersey Law against Discrimination ("NJ

1

LAD") and also alleging violations of the Family Medical Leave Act ("FMLA") against his former employer, TE Wire. (ECF No. 1-1 Complaint, "Compl." at 5-12). Defendant removed the action to this Court on the grounds of federal question jurisdiction on May 19, 2015. (ECF No. 1).

After the exchange of discovery, the parties filed competing motions for summary judgment. Specifically, Plaintiff moved for partial summary judgment as to the issue of Defendant's liability for interference with Plaintiff's FMLA rights and liquidated damages thereunder. (ECF No. 24). Defendant moved for summary judgment as to all counts of Plaintiff's Complaint. (ECF No. 26). These motions were extensively briefed, and the Court held oral argument on these motions on January 19, 2016. (ECF No. 43). On March 8, 2016, the Court issued a lengthy Opinion and accompanying Order that denied Plaintiff's motion for summary judgment and granted in part and denied in part Defendant's motion for summary judgment.

In summary, the Court permitted Plaintiff's claims for age and disability discrimination under the NJLAD to proceed, finding that Plaintiff has offered sufficient evidence that Defendant's stated reasons for terminating him were merely a pretext for age and disability discrimination such that "a reasonable jury could credit his argument that '[a] combination of becoming disabled and a youth movement instituted at [the Company] led to plaintiff's demise.'" (Op. at 12, quoting ECF No. 28-3, Pl.'s Opp. Br. at 6). The Court then discussed Plaintiff's claims for interference and retaliation under the FMLA. (Op. at 12-24). After an extension discussion of the case law, the Court declined to credit Plaintiff's argument that interference with FMLA rights is a strict liability offense such that an entry of summary judgment in Plaintiff's favor was warranted. (Id. at 14-18). The Court likewise declined to grant summary judgment in favor of Defendant on Plaintiff's interference claim. (Id.). In particular, the Court explained that contrary to Defendant's argument, Plaintiff's claim of interference was not redundant of his claim for retaliation. (Id.). Further, the

2

Court explained that, despite Defendant's argument, Plaintiff was not required to show "prejudice" as an element to his interference claim. Accordingly, the Court denied both parties' requests for summary judgment as to Plaintiff's interference claim. As to Plaintiff's claim of retaliation under the FMLA, the Court found that Plaintiff had failed to show, as required to make a *prima facia* case of FMLA interference, that he was terminated in retaliation for his taking FMLA leave. (Id. at 22-24). Accordingly, the Court granted summary judgment in favor of Defendant with respect to the FMLA retaliation claim. (Id. at 24).

Defendant now moves for reconsideration as to this Court's Order denying summary judgment as to Plaintiff's claims of discrimination in violation of the NJLAD and interference with FMLA rights. Plaintiff has opposed this motion, and the matter is now ripe for the Court's adjudication.

## LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (Martini, J.)); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681, 683 (D.N.J. 2005) (Thompson, J.). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001) (Walls, J.). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld,* 161 F.Supp.2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City,* Civ. No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan.2, 2008) (Linares, J.).

## ANALYSIS

Defendant principally argues that reconsideration of this Court's Opinion is warranted because the Opinion is internally inconsistent in two regards. First, Defendant argues that it was inconsistent for the Court to deny Defendant's motion for summary judgment as to Plaintiff's FMLA interference claim but grant summary judgment in favor of Defendant as to Plaintiff's FMLA retaliation claim. (Def.'s Br. at 3-7). Second, according to Defendant, it was logically inconsistent for the Court to find that Plaintiff's NJLAD claim can go forward but that his FMLA retaliation claim cannot. (*Id.* at 7-9). Although the Court's Opinion clearly outlines the different

4

elements and burdens of proof as to each of Plaintiff's claims which guided the Court's findings, the Court nevertheless addresses these arguments in further detail, below.

The remainder of Plaintiff's arguments amount to no more than an inappropriate attempt to have the Court re-evaluate arguments and evidence already considered and evaluated by the Court. (See Def.'s Br. at 10-19). In particular, Defendant advises the Court that Plaintiff's evidence offered to prove pretext was not "compelling," and further states that "the examples [of possible inaccuracies in the Clavijo Memo] cited by the Court do not actually speak to inaccuracies in the Clavijo Memo or reflect that she relied on unreliable sources in drawing her conclusion that plaintiff was not effectively performing his job." (*Id.* at 12, 16). In summary, Defendant concludes that "[t]he Court should [ ] have entered summary judgment for TE Wire on Plaintiff's LAD claim due to an absence of evidence sufficient to prove pretext, consistent with the Court's conclusion that the same pretext proffer was not enough to substantiate plaintiff's FMLA retaliation claim." (*Id.* at 19).[1] Plaintiff's mere disagreement with the Court's ruling and evaluation of the evidence is not grounds for reconsideration, and accordingly, the Court declines to further address these arguments. The remainder of this Opinion addresses Defendant's allegations of inconsistency.

A. <u>The Court's Opinion was Not Inconsistent</u>

---

[1] Defendant disagrees with the Court's determination that prior positive performance reviews are relevant to Plaintiff's pretext argument. (Def.'s Br. at 12). Defendant contends that "the Third Circuit has long, and repeatedly, held that evidence of a satisfactory past performance is *not* indicative of pretext, a principle that is especially compelling in the matter *sub judice* given the undisputed fact that none of the individuals responsible for the decision to terminate plaintiff's employment weighed in on his prior favorable evaluations." (*Id.*). The Court did review the case law cited by Defendant in its moving brief, but found that same does not preclude the Court's determination—given the particular facts of the case at bar—that Plaintiff's prior positive reviews may be used to call into question the credibility of and motivation behind the Clavijo Memo. Specifically, the Court found the prior positive reviews to be relevant in this case in light of the fact that Clavijo had worked in a supervisory capacity over Plaintiff for less than a month prior to drafting the memorandum.

5

Defendant maintains that this Court's Opinion was internally inconsistent because it granted summary judgment in favor of Defendant on Plaintiff's FMLA retaliation claim, while denying Defendant summary judgment with respect to Plaintiff's FMLA interference claim. (Def.'s Br. at 1-2). Defendant also argues that the Court's Opinion was inconsistent in that it permitted Plaintiff's NJLAD claims to proceed but did not permit Plaintiff's retaliation claim to proceed. (*Id.* at 2). As discussed in more detail below, Defendant's inconsistency argument fails on both fronts. In light of the nuanced burden-shifting distinctions implicated by Plaintiff's claims under the NJLAD and FMLA, the Court offers the following high-level summary of the parties' respective burdens as to each claim.

Plaintiff brought claims for: (1) violation of the NJLAD for age and disability discrimination and violations of the FMLA for (2) retaliation for taking leave, and (3) interference with FMLA rights. The ultimate burden in proving unlawful discrimination under the NJLAD and FMLA retaliation claim is borne by the Plaintiff. That is, to succeed on his NJLAD and FMLA retaliation claims, Mr. Kohler must prove that any legitimate reasons that TE Wire has provided for his termination were a mere pretext for discrimination on account of his age and disability or retaliation for taking FMLA leave, respectively. (See Op. at 7, 10 and cases cited therein). By contrast, the ultimate burden with respect to FMLA interference claims lies with a Defendant. That is, so long as Plaintiff establishes that he was entitled to FMLA leave and was denied same, TE Wire must show that at the time he was terminated, Mr. Kohler was not entitled to continued employment. (*Id.* at 13-18, and cases cited therein). Stated differently, it is the Company's burden to show that it had a lawful reason for terminating Plaintiff that was unrelated to his taking of leave. (*Id.*).

In its underlying Opinion, the Court held that a material issue of fact exists as to whether the stated reasons for Plaintiff's termination were a pretext for age and disability discrimination. (Op. at 10-12). If a jury were to find that the Company's reasons for terminating Plaintiff were, in fact, a pretext for discrimination based upon age and/or disability, then Defendant would not be able to establish its affirmative defense under the FMLA interference claim that it terminated Plaintiff for a *lawful* reason that was unrelated to his taking leave. In this scenario, Plaintiff would succeed on both his NJLAD and interference claims. Alternatively, if a jury were to find that Defendant did not discriminate against Plaintiff because of his age or disability, then Plaintiff's NJLAD claims would fail, as would his FMLA interference claim because the Company would have necessarily offered an affirmative defense that Mr. Kohler was terminated for a *lawful* reason unrelated to his taking leave. In fact, if this Court had found that there was no disputed issue of material fact as to Defendant's affirmative defense to the interference claim—specifically, that Defendant had offered undisputed lawful reasons for terminating Plaintiff—then the Court would necessarily have disposed of Plaintiff's NJLAD claims at the pretext stage. Those hypothetical findings would certainly have been inconsistent.

In summary, and as explained in more detail below, the Court's rulings on the cross-motions for summary judgment were entirely consistent. Defendant's arguments to the contrary fail to account for the different elements and burdens of proof attendant to each of Plaintiff's claims.

    i.    <u>The Court's Dismissal of Plaintiff's FMLA Retaliation Claim is Not Inconsistent with its Ruling Permitting Plaintiff's NJLAD Claim to Proceed</u>

According to Defendant, "[t]he Court correctly determined that [Plaintiff's] evidence of pretext did not establish [D]efendant's stated reasons for firing plaintiff were a pretext masking a

7

retaliatory motivation tied to his invocation of FMLA rights, but necessarily disregarded settled precedent cited by defendant in its moving papers in drawing the opposite, plainly inconsistent conclusion that the same evidence could prove defendant offered up a pretextual reason designed to mask an age-based or disability-based termination decision." (Def.'s Br. at 2). In other words, Defendant posits that "[b]ecause the disability and the FMLA leave were inextricably intertwined, the Court's determination that no reasonable jury could conclude that TE Wire discriminated against plaintiff on account of the latter simply cannot be reconciled with the Court's determination that a reasonable jury could find that TE Wire discriminated against plaintiff on account of the former." (*Id.* at 8-9).

The Court's Opinion clearly explained the legal standard applied to claims of NJLAD and FMLA violations, noting that "the same *McDonnell Douglas* burden-shifting test that applies to Plaintiff's NJLAD claims is applied to a claim for retaliation under the FMLA." (Op. at 22). Pursuant to that test, a plaintiff must first establish a *prima facie* case of discrimination. (*Id.* at 7, 22). Assuming the plaintiff can make the requisite *prima facie* showing of discrimination, the burden then shifts to the defendant to offer a non-discriminatory reason for the adverse employment action. (*Id.* at 7). Finally, the plaintiff must demonstrate that the employer's non-discriminatory reasons are merely a pretext for unlawful discrimination based upon the particular trait or protection at issue. (*Id.* at 7).

Here, the Court found that Plaintiff successfully established a *prima facie* showing of both NJLAD discrimination and FMLA retaliation. (*Id.* at 8-9, 23).[2] Having found that Plaintiff met a

---

[2] Of course, a plaintiff making a *prima facie* case of discrimination based on age and disability must prove elements distinct from a plaintiff making a *prima facie* showing of retaliation in violation of the FMLA. (*Compare* Op. at 7, identifying the elements of a *prima facie* case under the NJLAD *with* Op. at 22, identifying the elements of a *prima facie* FMLA retaliation case). That is, while a plaintiff seeking relief under the NJLAD must demonstrate, *inter alia*,

8

*prima facie* case under the NJLAD and FMLA, the Court then found that Defendant had met its burden of demonstrating a non-discriminatory reason for terminating Plaintiff, as is required by the second step of the *McDonnell Douglas* test. (Op. at 9-10, 24).

Finally, with regards to the NJLAD claim, the Court considered whether Plaintiff was able to show that a triable issue of fact existed as to whether Defendant's reasons for terminating him were a pretext for discriminating against Plaintiff *based upon his age and disability*—the particular characteristics that the NJLAD protects. (Op. at 11-12). Specifically, the Court explained that Plaintiff offered sufficient evidence to challenge the veracity and genuineness of the Clavijo Memo, and also explained that "unlike his younger and non-disabled counterparts, Plaintiff did not receive the benefit of a performance improvement plan." (*Id.*).[3] In contrast, with respect to his FMLA retaliation claim, the Court found that Plaintiff had not offered sufficient evidence that the reasons Defendant gave for terminating Plaintiff were offered to disguise the Company's attempt to retaliate against Plaintiff for his having taken FMLA leave. (*Id.* at 24). Specifically, the Court explained that "the record tends to show that TE Wire was supportive and helpful regarding Plaintiff's need to take time off." (*Id.*).

---

membership in in a protected class (here, age and disability), a plaintiff seeking relief for FMLA retaliation must show, *inter alia*, that the adverse employment action suffered was a consequence of the employee taking protected leave.

[3] Defendant argues that the Court incorrectly credited Plaintiff's argument that younger, non-disabled employees received the benefit of PIPs because "the summary judgment record definitively revealed that one of plaintiff's proposed comparators, Michelle Florence, was not actually placed on a PIP before being fired (Scott Aff. [Doc. No. 38], ¶¶ 2-4), and the decision to put the other comparator, Paul Jaffa, on a PIP was made by Safi Khan (id. at 2), who played no role in the decision to terminate plaintiff's employment . . . ." (Def.'s Br. at 11). However, as Plaintiff notes, the summary judgment record contains inconsistent statements offered by Patrick Scott, the President of TE Wire, with respect to whether Michelle Florence was, in fact, placed on a PIP. (See Pl.'s Opp. at 20-21). Accordingly, the question of whether Ms. Flores was placed on a PIP is one reserved for a jury's determination. Thus, even if the Court were to disregard the fact that Mr. Jaffa was placed on a PIP issued by a different supervisor, the issue of whether Ms. Florence was, in fact, placed on a PIP is nevertheless relevant to Plaintiff's ability to show pretext. Defendant's reliance on the recent Third Circuit case of *Willis v. UPMC Children's Hospital of Pittsburgh*, 808 F.3d 638 (3d Cir. 2015) for the proposition that a single example of a younger employee being placed on a PIP cannot support a pretext argument is unpersuasive. In *Willis*, unlike the case at bar, the Plaintiff's offer of pretext as to a younger employee was unpersuasive where Plaintiff could not present any evidence, other than her own speculation, that the other employee was in fact treated more favorably than Plaintiff. 808 F.3d at 650.

Although evidence offered to show disability-based discrimination may well overlap with evidence tending to show retaliation for taking medical leave that is related to one's disability, a finding that Plaintiff failed to show retaliation for taking protected medical leave does not preclude a jury determination that Defendant terminated Plaintiff because of his age or disability. Both in theory and in practice, an employer may be perfectly accommodating to an employee who takes leave to tend to the onset of a disability, and at the same time hold discriminatory animus towards the employee on account of that disability for any number of reasons, including, for example, the employer's belief that a disabled employee may require certain accommodations. Accordingly, the Court's Opinion denying Defendant's motion for summary judgment with respect to Plaintiff's NJLAD claims is supported by the factual record and consistent with the Court's grant of summary judgment with respect to Plaintiff's FMLA retaliation claim. The Court will not amend its prior Opinion denying Defendant summary judgment on Plaintiff's NJLAD claims.

  ii. <u>The Court's Dismissal of Plaintiff's FMLA Retaliation Claim is Not Inconsistent with its Ruling Permitting Plaintiff's FMLA Interference Claim to Proceed</u>

Defendant states that it was "inherently irreconcilable" for the Court to grant Defendant's motion to dismiss Plaintiff's retaliation claim and deny its motion to dismiss Plaintiff's interference claim "given that the Court agreed with defendant that firing an employee in the midst of an FMLA leave only amounts to actionable interference if the discharge decision is tied to the employee's exercise of his FMLA rights." (Def.'s Br. at 2). However, Defendant's argument fails to account for the different burdens of proof accompanying claims for FMLA interference and retaliation, as this Court explained at length in its Opinion, and as Defendant itself acknowledged in its moving brief.

As this Court explained in its Opinion, a plaintiff alleging FMLA interference faces a lower burden of proof than a plaintiff alleging FMLA retaliation. (Op. at 13). Specifically, the Court explained that "'[t]o prevail on an FMLA interference claim, the employee merely needs to show she was entitled to benefits under the FMLA and that she was denied them.'" (Op. at 13, quoting *Thurston v. Cherry Hill Triplex*, Civ. No. 06-3862, 941 F. Supp. 2d 520, 526 (D.N.J. 2008) (citing *Parker v. Hahnemann Univ. Hosp.*, 234 F. Supp. 2d 478, 485 (D.N.J. 2002)). By contrast, in addition to showing an entitlement to FMLA benefits and an adverse employment action, a plaintiff suing for FMLA retaliation must demonstrate that "'the adverse [employment] action was causally related to the plaintiff's exercise of his or her FMLA rights.'" (Op. at 13, quoting *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009) (internal quotations omitted)).

The Court then addressed Plaintiff's argument that a strict liability standard is applied to FMLA interference claims, and found that such claims are not held to a strict liability standard because, while a Plaintiff need only prove that he was entitled to FMLA benefits and denied same, a defendant may overcome an FMLA interference claim by offering the defense that the employee would have been terminated notwithstanding his invocation of FMLA rights. (Op. at 15-19 and cases cited therein). However, the burden of proving that the adverse employment action was attributable to a reason unrelated to Plaintiff's taking leave is one shouldered by the Defendant—not Plaintiff. Were it the other way around, there would be no difference in the *prima facie* case for claims of FMLA interference and retaliation.

Defendant now cites to several cases in which courts granted summary judgment on FMLA interference claims in favor of an employer where the employer demonstrated that that the employee's termination was unrelated to his or her taking of FMLA leave. (See Def.'s Br. at 4-5). However in those cases, unlike the case at bar, the Courts affirmatively credited the employers'

11

legitimate business rationales for terminating the employees. *See ManorCare of West Des Moines IA, LLC*, 782 F.3d 955, 962-63 (8th Cir. 2015) (dismissing plaintiff's FMLA interference claim on a summary judgment motion where plaintiff's arguments that employer's stated reasons for terminating plaintiff were unsupported by the record); *Dalpaiz v. Carbon County, Utah*, 760 F.3d 1126, 1134 (10th Cir. 2014) (dismissing plaintiff's FMLA interference claim on a summary judgment motion after crediting the stated reasons for terminating plaintiff where "the *undisputed evidence* in the record indicates that the county was concerned with [among other things] Plaintiff's failure to comply with her supervisor's direction to submit necessary paperwork as soon as possible") (emphasis added); *Morro v. DGMB Casino, LLC*, 112 F. Supp. 3d 260 (D.N.J. 2015) (granting employer's motion for summary judgment on plaintiff's FMLA interference claim where "Defendant has also demonstrated that Plaintiff's termination was a business decision, unrelated to Plaintiff's exercise of FMLA rights").

Unlike the above-cited cases, in the context of Plaintiff's NJLAD claim, and after reviewing the entire record before it, this Court determined that a disputed issue of material fact exists as to whether Defendant can offer a legitimate business reason for terminating Plaintiff. Although the Court found that Defendant was supportive in Plaintiff's efforts to take FMLA leave such that Plaintiff could not offer evidence that TE Wire's stated reasons for termination were intended to mask its efforts to retaliate against Plaintiff, the Court did not find that Defendant definitively established evidence of a legitimate, lawful business purpose for terminating Plaintiff. *See Wallace v. FedEx Corp.*, 764 F.3d 571, 585 (6th Cir. 2014) ("If the employer can show that it had a *legitimate reason* unrelated to the exercise of FMLA rights for engaging in the challenged conduct, no violation exists under the FMLA.") (quotations omitted and emphasis added).

This distinction, albeit nuanced, is grounded in the FMLA interference statute. In relevant part, that statute explains: "[n]othing in this section shall be construed to entitle any restored employee to . . . any right, benefit or position of employment other than any right, benefit, or position *to which the employee would have been entitled had the employee not taken the leave.*" 29 U.S.C. § 2614(a)(3)(B). Thus, the underlying question is whether Plaintiff was entitled to keep his job at the time he was terminated. If a jury were to find that the reasons Defendant offered for terminating Plaintiff were, as Plaintiff maintains, merely a pretext for unlawful age and/or disability-based discrimination, then it would necessarily find that Defendant has failed to show that Plaintiff was not entitled to the benefit of continued employment.

In summary, and as Plaintiff correctly notes, Defendant's argument "misconstrue[s] the standard for interference claims, which merely allows a defendant an affirmative defense to interference with a proffer of a legitimate reason for same, by appearing to assert that the ultimate issue (and therefore plaintiff's ultimate burden under an interference claim is whether a termination was in retaliation for taking leave." (Pl.'s Opp. Br. at 11).

Accordingly, the Court's finding that Plaintiff could not make a showing of FMLA retaliation where he offered no evidence (aside from the temporal proximity between his taking leave and his termination) that he was terminated on account of his having taken protected leave is not inconsistent with the Court's finding that Plaintiff put forth a *prima facie* case of FMLA interference. At trial, it will be Defendant's burden to show, as an affirmative defense to the interference claim, that Plaintiff was not entitled to the benefit of continued employment in the first instance. For these reasons, the Court will not amend its holding with respect to Plaintiff's FMLA claims.

## **CONCLUSION**

For the reasons stated herein, Defendant's Motion for Reconsideration is denied. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

DATED: April 25, 2016